UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN JONES,

                    Petitioner,

v.                                    CASE NO. 08-13615
                                    HONORABLE ARTHUR J. TARNOW

CAROL HOWES,

                    Respondent.

_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Petitioner Sean Jones has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254.  The habeas petition challenges Petitioner's sentence of five to ten years for breaking and entering a building with intent to commit a larceny.  Petitioner disputes the sentencing court's scoring of the Michigan sentencing guidelines and the court's decision to depart upward from the guidelines.  Because these claims lack merit or are not cognizable on habeas review, the habeas petition must be denied.

### I.  Background

In 2005, Petitioner pled guilty in Genesee County, Michigan to six counts of breaking and entering a building with intent to commit a larceny.  *See* MICH. COMP. LAWS § 750.110(1). In return, the prosecutor agreed not to attempt to enhance Petitioner's sentence on the basis of his prior felonies and not to charge Petitioner with  sixty other incidents of breaking and entering.  On January 23, 2006, Genesee County Circuit Judge Judith A. Fullerton sentenced Petitioner to imprisonment for six concurrent terms of five to ten years (sixty to one hundred twenty months).

*Jones v. Howes*, No. 08-13615

Petitioner appealed his sentence, but the Michigan Court of Appeals declined to order a resentencing. The court of appeals agreed with Petitioner that the trial court erred in scoring fifteen points for prior record variable 6 and ten points for offense variable 13. The court nevertheless affirmed Petitioner's sentence, because the trial court had (1) provided substantial and compelling reasons for departing from the sentencing guidelines and (2) indicated that it would impose the same sentence irrespective of the corrected guidelines range. *See People v. Jones*, No. 275812 (Mich. Ct. App. Feb. 12, 2008). Petitioner applied for leave to appeal in the Michigan Supreme Court, but the state supreme court denied his application on May 27, 2008, because it was not persuaded to review the issues. *See People v. Jones*, 481 Mich. 878; 748 N.W.2d 835 (2008).

Petitioner filed his habeas corpus petition on August 20, 2008. His grounds for relief are:

I.      [The] [t]rial court erred in denying Defendant's motion to correct
        an invalid sentence where prior record variable 6 and offense
        variable 13 were both erroneously scored.

II.     Resentencing (sic) the judge departed from the sentence
        guidelines, using uncharged and not proven criminal offences.

Respondent urges the Court to deny the habeas petition on the grounds that Petitioner's claim about the sentencing guidelines is not cognizable on habeas review and Petitioner has no right to have a jury determine the facts used to establish his minimum sentence. **II.  Standard of Review**

Section 2254(d) of Title 28, United States Code, imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect to any

*Jones v. Howes*, No. 08-13615

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  *Id*. at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id*. at 411.

## III.  Discussion

Petitioner alleges that the trial court erroneously scored the Michigan sentencing guidelines and departed from the sentencing guidelines without substantial and compelling reasons.  The guideline factors that Petitioner claims were mis-scored are prior record variable 6 (relationship to the criminal justice system) and offense variable 13 (continuing pattern of

3

*Jones v. Howes*, No. 08-13615

criminal behavior).  Petitioner also claims that the trial court sentenced him on the basis of

uncharged and unproved criminal offenses, which he did not admit to committing and which

were not proved by even a preponderance of the evidence.

Although the Michigan Court of Appeals agreed with Petitioner that the trial court

erroneously scored prior record variable 6 and offense variable 13, a state court's

"misinterpretation of state sentencing guidelines . . . is a matter of state concern only."  *Howard*

*v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (unpublished opinion citing *Travis v. Lockhart,*

925 F.2d 1095, 1097 (8th Cir.1991); *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988)).

Therefore, Petitioner's challenge to the scoring of the Michigan sentencing guidelines fails to

state a cognizable claim for which habeas relief may be granted.  *Whitfield v. Martin*, 157 F.

Supp. 2d 758, 762 (E.D. Mich. 2001).  Federal courts may grant the writ of habeas corpus only if

the petitioner is "in custody in violation of the Constitution or laws or treaties of the United

States."  28 U.S.C. § 2254(a).

Petitioner's constitutional argument is that the trial court increased the penalty for his

crime based on facts that were never submitted to a jury, nor proved beyond a reasonable doubt.

This Sixth Amendment claim is based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its

progeny, including *Blakely v. Washington*, 542 U.S. 296 (2004).  Those two cases "hold that it is

within the jury's province to determine any fact (other than the existence of a prior conviction)

that increases the maximum punishment authorized for a particular offense."  *Oregon v. Ice*, __

U.S. __, __, 129 S. Ct. 711, 714 (2009).  "[T]he 'statutory maximum' for *Apprendi* purposes is

4

*Jones v. Howes*, No. 08-13615

the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  *Blakely*, 542 U.S. at 303 (emphasis in original).

The United States Court of Appeals for the Sixth Circuit has held that "*Blakely* does not apply to Michigan's indeterminate sentencing scheme."  *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007) (unpublished opinion), *cert. denied*, __ U.S. __, 128 S. Ct. 1898 (2008).  Although this Court disagrees with that conclusion, it is bound by the Sixth Circuit's decision on the issue.

The Court notes, moreover, that the presentence report indicates that Petitioner admitted to committing sixty uncharged crimes of breaking and entering.  *See Jones*, Mich. Ct. App. No. 275812, at 2.  The Michigan Court of Appeals determined that the crimes were objective, verifiable, and a substantial and compelling reason for departing from the sentencing guidelines. *See id*.  Therefore, Petitioner is not entitled to relief under *Apprendi* and *Blakely* even if those cases were applicable to Michigan's sentencing scheme.  He admitted the facts, which the sentencing court relied upon to exceed the sentencing guidelines.

## III.  Conclusion

Petitioner's guidelines claim is not cognizable on habeas review, and his constitutional argument lacks merit.  Accordingly, the habeas corpus petition [Dkt. 1] is **DENIED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
Dated:  February 27, 2009            United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 27, 2009, by electronic and/or ordinary mail.
                    S/Catherine A. Pickles
                    Judicial Secretary

5